IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSEPH R. MITCHELL, JR.     PLAINTIFF

V.      CASE NO. 12-CV-1051

CORPORAL WILLIAM L. JAMES; and
DETECTIVE BRIAN P. GROSS     DEFENDANTS

### ORDER

Before the Court is the Report and Recommendation (R&R) filed March 5, 2014, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 52. Judge Bryant recommends that Separate Defendant Gross's Motion for Summary Judgment (ECF No. 22) be granted in part and denied in part. Judge Bryant further recommends that Separate Defendant James's Motion for Summary Judgment (ECF No. 33) be granted in part and denied in part. Separate Defendant William L. James has responded with timely objections ECF No. 55. Separate Defendant Brian P. Gross has moved the Court to allow him to adopt the objections filed by Separate Defendant James. (ECF No. 56). The Court grants Separate Defendant Gross's motion to adopt the objections as his own.

The R&R extensively details the factual history of Plaintiff's claims and this Court will not repeat that full history here. In brief, Plaintiff was an inmate at the Garland County Detention Center when he escaped from custody while receiving medical treatment at a hospital. A few days later, Plaintiff engaged the officers of Ashley and Union Counties and Arkansas State Troopers in a high speed chase on Highway 82. The officers placed a spike strip across the road to deflate Plaintiffs' tires. As Plaintiff approached the spike strip, Defendants James and Gross fired their weapons, and

Plaintiff was hit in the face while his passenger was hit in the head.[1] After the shots were fired, Plaintiff continued to travel with three deflated tires at a speed of forty-five (45) miles per hour. A Sheriff's deputy stopped Plaintiff from traveling when the deputy pulled his cruiser in front of Plaintiff's truck and stopped, causing Plaintiff's vehicle to collide with the cruiser. Plaintiff claims that the injuries from the gunshot wounds caused him to lose his eyesight. Plaintiff alleges that both Defendants violated his constitutional rights by exerting excessive force against him during his arrest. He further alleges that he was actually slowing down to surrender as he approached the spike strip and was shot.

The R&R recommends that the Court dismiss the official capacity claims against both Defendants. Because Plaintiff does not object to the R&R's recommendation regarding the official capacity claims, those recommendations are adopted.

In considering the Motions for Summary Judgment, Judge Bryant thoroughly set forth the applicable legal standard and law regarding excessive force claims and qualified immunity. Judge Bryant concluded that there are disputed facts that are material to the issue of whether Separate Defendant Gross's actions violated Plaintiff's constitutional rights. He further concluded that Separate Defendant James should not be granted qualified immunity because there are genuine issues of material fact as to whether a reasonable officer at the scene would have believed that shooting Plaintiff was an illegal action violating Plaintiff's constitutional rights. Because these genuine issues of material facts exist, Judge Bryant recommends that both Defendants' summary judgment motions be denied as to the individual capacity claims.

---

[1] The passenger later died as a result of his injuries.

On review before this Court, Separate Defendant James raises several objections regarding the recommendation that he is not entitled to qualified immunity.[2] The primary factual issue here is whether Plaintiff applied his brakes upon approaching the spike strips, indicating to the Defendants that he no longer posed a threat to the safety of the general public. When a "suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force." *Moore v. Indehar*, 514 F.3d 756, 762 (8th Cir. 2008).

Separate Defendant James's objections generally deal with the facts surrounding the circumstances facing him at the time of the shooting. Separate Defendant James argues that Plaintiff was not slowing down when he saw the spike strip and that there is no evidence to support Plaintiff's assertion that he was slowing down to surrender. There is a video in the record that shows Plaintiff fleeing on a two lane highway at what appears to be a high rate of speed. Separate Defendant James argues that the video clearly shows that Plaintiff was not slowing down as he approached the spike strip. The Court, however, is unable to determine from the video whether Plaintiff applied his brakes as he approached the strip. Separate Defendant James asserts that the video also depicts Plaintiff attempting to avoid the spike strips. The Court, again, is unable to determine this from the video. Plaintiff argues, under penalty of perjury, that he slowed his truck as he approached the spike strip by applying his brakes to show his intention to stop. He further alleges that he did not attempt to avoid the spike strip. The Court agrees with Judge Bryant that disputed these facts are material to the issue of whether Separate Defendant James is entitled to qualified immunity. They are also

---

[2]Separate Defendant Gross joins in these objections. The Court notes, however, that Separate Defendant Gross does not argue in his summary judgment motion that he is entitled to qualified immunity.

material to the issue of whether Separate Defendant Gross's actions violated Plaintiff's constitutional rights.

Separate Defendant James argues that Plaintiff's assertion that James was shooting to kill is irrelevant because his underyling intent and motivation are irrelevant in considering whether he acted reasonably. *See Graham v. Connor*, 490 U.S. 386, 397 (1989). The R&R notes Plaintiff's allegation that Separate Defendant James was shooting to kill and recognizes Separate Defendant James's denial of the allegation. The R&R correctly states that the officer's underlying intent and motivation is irrelevant, and Judge Bryant does not consider the motivation or underlying intent of either Defendant in his analysis. The Court finds that this objection is without merit.

Separate Defendant James asserts that he heard another State Trooper's report on the radio that Plaintiff had almost hit someone head on and that there is no dispute about this. The Court agrees that there is no dispute that James heard this on his radio. Other factual issues, however, do exist surrounding the circumstances facing James at the time of the shooting. For the reasons discussed above, the Court agrees with Judge Bryant that Separate Officer James is not entitled to qualified immunity.

Based on its de novo review and the arguments of the parties, the Court overrules Defendants' objections and adopts the Report and Recommendation. ECF No. 52. Accordingly, Separate Defendant James's Motion for Summary Judgment (ECF No. 33) is GRANTED IN PART and DENIED IN PART. Further, Separate Defendant Gross's Motion for Summary Judgment (ECF No. 22) is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED**, this 31st day of March, 2014.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge