IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOSEPH R. MITCHELL, JR.                                                                        PLAINTIFF

V.                                      CIVIL NO. 1:12-CV-01051

CORPORAL WILLIAM L. JAMES; and
DETECTIVE BRIAN P. GROSS                                                                     DEFENDANTS

**ORDER**

  This is a civil rights action filed by the Plaintiff Joseph Mitchell pursuant to 42 U.S.C. § 1983.  Currently before the Court are Plaintiff's failures to comply with the Court's orders and prosecute this matter.  After careful consideration, the Court issues this Order.

**1. BACKGROUND**

  Plaintiff originally filed this case *pro se* on May 16, 2012.  (ECF No. 1).  In his Complaint, Plaintiff claims his constitutional rights were violated by Defendants' unnecessary use of deadly force. (ECF No. 1).  Plaintiff was housed in the Union County Detention Center ("UCDC") when he filed this Complaint and was subsequently transferred to the Arkansas Department of Correction Wrightsville Unit in Wrightsville, Arkansas ("ADC").  This matter is currently scheduled for bench trial on August 12, 2015.

  By Court Order dated May 16, 2012, Plaintiff was advised that he was to immediately inform the Court of any change of address and that failure to do so could subject this case to dismissal. (ECF No. 3).  Then, on August 20, 2013, the Court again advised the Plaintiff of his obligation to inform the Court of any change of address and that failure to do so would result in dismissal of his case.  (ECF No. 25).

1

On July 2, 2015, the Court issued an Order directing Plaintiff to submit a supplemental witness list[1] including specific information for each witness he would like to testify at trial. The Court requested this information so it could subpoena Plaintiff's trial witnesses. Plaintiff was given until July 20, 2015 to respond with the supplemental witness list. (ECF No. 64). Plaintiff failed to respond.

On July 14, 2015, the Court issued an Order and Writ directing the ADC, Plaintiff's address of record at that time, to transport Plaintiff to his trial in this Court on August 12, 2015. (ECF Nos. 67, 68). In response to this Writ the Court received communication from the ADC that Plaintiff was paroled on June 4, 2014 and is no longer in ADC custody. The Court has also received Notices from Defendants that mail sent to Plaintiff at the ADC was being returned to them as undeliverable. (ECF Nos. 71, 72). At the time the Court received these Notices and the communication from the ADC, Plaintiff's address of record remained the Wrightsville Unit at the ADC.

Upon receipt of the communication from the ADC, the Court conducted its own research to determine Plaintiff's current address. The only address the Court was able to obtain was a Dumas, Arkansas address. Plaintiff provided this address as his home address at his booking into an Alabama jail in July 2015. Plaintiff has since been released from the Alabama jail and his whereabouts are unknown. The Court can only presume that Plaintiff is currently residing at the Dumas, Arkansas address he provided the Alabama jail. Therefore, the Court directed the Clerk of the Court to change Plaintiff's address of record to the Dumas, Arkansas address.

---

[1] Plaintiff previously submitted a witness list on February 27, 2014. This witness list, however, only included generic listings of potential witnesses and failed to provide any information to allow the Court to subpoena the individuals. (ECF No. 51).

Plaintiff has not communicated with the Court in any way since February 27, 2014. (ECF No. 51).

## 2.     APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice if a plaintiff fails to prosecute his case or fails to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find

that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.    DISCUSSION**

Plaintiff has failed to comply with the Court's May 16, 2012, August 20, 2013, and July 2, 2015 Orders. Further, Plaintiff has failed to prosecute this matter as he has not communicated with the Court in well over a year despite his upcoming trial in this matter. Plaintiff has given no indication that he intends to prosecute this matter at the upcoming trial, scheduled for August 12, 2015, as he has not submitted any witnesses for the Court to subpoena, any exhibit list, or other pretrial disclosures. Lastly, Plaintiff has failed to comply with Local Rule 5.5 by failing to keep the Court apprised of his current mailing address. Accordingly, Plaintiff's Complaint should be dismissed for failure to comply with the Court's Orders, Local Rules, and for failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.    CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure 41(b) and Local Rule 5.5 and failed to prosecute this matter. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** this 5th day of August 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge